GUIDRY, Judge.
This case is before us as a result of our having granted the defendant-appellee’s application for supervisory writs. .
The pertinent facts, succinctly stated, are as follows: On August 20, 1975, the plaintiff instituted a suit in contract on a life insurance policy, issued by the defendant, for the death of a stallion at stud, Arbmah-la High. The defendant’s answer was filed on September 23, 1975. On December 5, 1975, the plaintiff filed an amended petition, and the defendant filed an amended answer thereto on December 9, 1975. On December 29, 1975, the defendant filed an opposition to the pre-trial order, which was the last pleading filed in this matter prior to February 11, 1977, on which date the defendant filed a motion for leave of court in which to file a second amended answer, which answer included a request for a trial by jury.
The plaintiff immediately filed a Motion to Strike, seeking to strike paragraphs 12 and 13 of the defendant’s second amended answer, and also opposing the defendant’s request for a trial by jury.
Pertinent to our consideration here are paragraph 5 of the defendant’s original answer, and paragraphs 12 and 13 of the defendant’s second amended answer, which are set out as follows:
“5.
“The allegations of paragraph 5 of the petition are denied except that it is admitted that a policy of insurance was at one time issued by North American Company for Property and Casualty Insurance, but said policy is, being a written instrument, the best evidence of its own contents and is subject to all the terms, conditions, exclusions, limitations and provisions therein set forth, all of which is specially pled herein as fully as if copies in extenso, including the requirement of payment of premium, of which strict proof is demanded.”
Article 12 of the Amending Answer asserts:
“That the death of the stallion ‘Arbmahla High’ was caused directly or indirectly by the carelessness and neglect of the insured, its agents and employees in the maintenance of the animal prior to the onset of its terminal illness or the occurrence of the terminal injury and, further, with respect to the care or lack thereof including proper veterinary treatment given the animal between the onset of its terminal illness and/or injury and death, as well as not having the animal under daily care and supervision, all of which serves to bar the recovery herein under the terms and provisions of the policy sued upon.”
Article 13 of the Amending Answer asserts:
“That further, in the alternative, upon the onset of the terminal injury and/or illness of this stallion, Arbmahla High, plaintiff failed to at once secure the services of a licensed veterinarian and give proper care to the animal and use every means to save its life and further failed to at once give notice of such sickness or injury by telephone to the company, but instead waited a week before doing so at a time when it was too late for defendant to intervene and save the life of the animal, and that said breach of the obligations of plaintiff to furnish proper notice of sickness or injury at once and to furnish veterinary ■ care at once, and to use every possible means to save the life of the animal further serves to bar recovery herein.”
The two motions were set for hearing instanter, and after the hearing the trial court issued written reasons denying the defendant’s request to file its second amended answer and request for a trial by jury, holding that the amended answer added nothing new to the pleadings, and was filed solely for the purpose of circumventing LSA-C.C.P. art. 1732, to permit the defendant to move for a trial by jury, which it was precluded, by right, from doing.
*1293 The statutory law applicable to a determination of the issue presented is contained in LSA-C.C.P. art. 1151 and art. 1732, which reads as follows:
Art. 1151.
“A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.
“A defendant shall plead in response to an amended petition within the time remaining for pleading to the original petition, whichever period is longer, unless the time is extended under Article 1001.”
Art. 1732.
“A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.”
After studying the record and pleadings filed (writs were granted on briefs only) in view of the above quoted statutes, we are unable to conclude that the trial court abused its much discretion in holding that the defendant’s second amended answer added nothing new to the pleadings and was filed solely for the purpose of circumventing the provisions of LSA-C.C.P. art. 1732.
We distinguish the case of Barberito v. Green, 275 So.2d 407 (La.1973), cited by the relator, there the trial court had permitted the plaintiff to file an amended petition, and the plaintiffs motion for a trial by jury was field within 10 days of the last pleading directed to a triable issue, which was the defendant’s amended answer.
For the reasons assigned, the writs are recalled, and the judgment of the trial court is made absolute.
WRITS RECALLED.