359 So.2d 1111 (1978)
William SONNIER, Plaintiff-Appellee,
v.
GRAY TOOL COMPANY and Numa J. Matthieu, Defendants-Appellants.
No. 6513.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1978.
Rehearing Denied July 5, 1978.
*1112 Davidson, Meaux, Sonnier & Roy, Edward O. Taulbee, IV, Lafayette, for defendants-appellants.
Lucius A. Hornsby, Jr., Albert J. Leger, Lafayette, for plaintiff-appellee.
Before GUIDRY, FORET and CUTRER, JJ.
GUIDRY, Judge.
This is an appeal from a judgment of the trial court sustaining plaintiff's motion to strike defendants' amended answer which also contained a demand for a jury trial.
The pertinent facts may be summarized as follows:
On December 3, 1975, plaintiff filed the instant suit seeking recovery for personal injuries, mental distress, property damage and medical expenses allegedly sustained as a result of a rear-end collision. Made defendants were the driver of the following vehicle, Numa J. Matthieu, his employer and owner of the vehicle, Gray Tool Company, Inc., and the latter's insurer by use of the fictitious name, "The John Doe Insurance Company". On January 6, 1976, defendants Gray Tool Company, Inc. and Matthieu filed answer to plaintiff's petition consisting of fourteen numbered paragraphs denying liability for the accident and alternatively alleging contributory negligence on the part of plaintiff. The original answer also identified Highlands Insurance Company as the automobile liability insurer of Gray Tool Company, Inc. All liability under the policy of insurance was denied.
On September 13, 1976, defendants sought by way of amending and supplemental answer to amend their original answer by adding an additional paragraph to be numbered paragraph 15, which paragraph would read as follows:

"15.
Defendants further pray for jury trial on all matters herein."
An order allowing the above amending and supplemental answer to be filed and granting defendants' request for trial by jury was signed by the trial judge on September *1113 13, 1976. On that same day, upon motion of defendants, the case was fixed for trial on the merits on March 30, 1977. Highlands Insurance Company, on September 23, 1976, executed a bond as principal to cover additional costs of a jury trial and same was filed in the record on September 27, 1976. When the matter came for trial, pursuant to the previous fixing, plaintiff orally moved to strike defendants' amended answer and the trial court thereupon recalled its previous order allowing a jury trial and ordered the case refixed for trial without a jury.
Defendants, by way of a second supplemental and amending answer, again sought to amend their original answer in the following respects:
(1) By adding an additional paragraph 16, alleging in the alternative that plaintiff had created a sudden emergency by his actions and further that plaintiff had the last clear chance to avoid the accident;
(2) By adding an additional paragraph 17, alleging failure of plaintiff to mitigate his damages; and,
(3) By adding an additional paragraph 18 which read as follows:
"Numa J. Matthieu and Gray Tool Company, further request jury trial herein on all matters triable by civil jury."
An order allowing the foregoing amending and supplemental answer to be filed and granting the requested trial by jury was signed by the trial judge on June 7, 1977 and filed the following day.
Plaintiff, on July 8, 1977, filed a motion to strike defendants' demand for jury trial, alleging that defendants' answer of June 7, 1977 added nothing new to defendants' other defenses and was filed in an attempt to circumvent the provisions of LSA-C.C.P. Article 1732.
The trial judge, in sustaining plaintiff's motion to strike concluded as follows:
"The court is of the opinion that defendant filed his amendment solely for the purpose of circumventing the time limitations of LSA-C.C.P. Art. 1732 and accordingly will rescind its order directing the filing of defendant's amended answer and grant plaintiff's motion to strike the jury trial order."
Judgment was rendered accordingly and defendants have appealed.[1]
Although appellee has not raised the issue we observe that serious question exists concerning whether the trial court judgment is appealable.
A judgment denying a jury trial is an interlocutory judgment. LSA-C.C.P. Article 1841. An appeal may be taken from an interlocutory judgment only when it is made to appear that it may cause irreparable injury. LSA-C.C.P. Article 2083. There has been no such showing in this case. Therefore, defendants' right to maintain their appeal depends on whether or not the denial of a jury trial, standing alone, constitutes a prima facie showing of irreparable injury. We conclude that it does not. In Guidroz v. State Farm Fire and Casualty Co., 334 So.2d 535 (La.App. 1st Cir. 1976) the court, when confronted with a similar factual situation stated:
"Thus, we are of the opinion that the mere denial of a jury trial, without more, does not, upon its face, result in irreparable injury such that it warrants a separate appeal, thereby disrupting orderly legal process and causing a commitment to the delays inherent in normal appellate procedure. We feel appellant's appropriate remedy in these instances is either the application for supervisory writs or appeal after a final judgment."
However, the court in Guidroz, supra, "in order to expedite a decision on the matter and to avoid even further delays", proceeded to a consideration of the merits of the case. See also Triche v. City of Houma, 342 So.2d 1155 (La.App. 1st Cir. 1977).
In the instant case, there being no showing that the interlocutory judgment *1114 appealed from may cause irreparable injury, we conclude that the instant appeal is subject to dismissal. An appellate court may dismiss an appeal on its own motion where there is no right to appeal. LSA-C.C.P. Article 2162; Bunkie Bank & Trust Company v. Avoyelles Parish Police Jury, 347 So.2d 1305 (La.App. 3rd Cir. 1977).[2] However, the record being already before us, we are of the opinion that the interests of justice would best be served if we were to consider the merits of this issue as was done in Guidroz, supra. An appellate court shall render any judgment which is just, legal and proper on appeal. LSA-C.C.P. Article 2164.
Amendment of pleadings is governed by the provisions of LSA-C.C.P. Article 1151 which provide as follows:
"A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.

A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001." (emphasis added).
The time limitation within which a party may demand a jury trial is contained in LSA-C.C.P. Article 1732:
"A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue."
After careful consideration of the pleadings and briefs filed in the instant case, we discern no error in the trial judge's determination that defendants' amended answer was filed solely for the purpose of circumventing the time limitations of LSA-C.C.P. Article 1732. Arbmahla High Corporation v. North American Co., 345 So.2d 1291 (La.App. 3rd Cir. 1977).
In Barberito v. Green, 275 So.2d 407 (La. 1973), our Supreme Court stated:
"There is within the provisions of the Code of Civil Procedure the necessary safeguard against any abuse of the provisions of Article 1732 by the filing of amending pleadings. The trial judge, in the exercise of discretion may not allow the filing of such amending pleadings which he finds are proffered for the purpose of circumventing the limitations in this article. See C.C.P. Article 1151." (emphasis added).
We find no abuse of the trial judge's discretion in the instant case. The judgment of the district court is affirmed at defendants' costs and is remanded for further proceedings.
AFFIRMED AND REMANDED.
NOTES
[1] Highlands Insurance Company, the automobile liability insurer of Gray Tool Company, Inc. was never added by plaintiff as a party defendant and is not mentioned in the petition or order for appeal which was obtained by defendants.
[2] This case is erroneously reported as a First Circuit opinion.