397 So.2d 1384 (1981)
Robert BREAUX, Plaintiff-Appellee,
v.
ROY YOUNG, INC. et al, Defendants-Appellants.
No. 8160.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
*1385 Voorhies & Labbe, Patrick A. Juneau, Jr., Lafayette, for defendants-appellants.
J. Minos Simon and Ronald Dauterive, Lafayette, for plaintiff-appellee.
Fruge & Vidrine, Jack C. Fruge, Sr., Ville Platte, for intervenor-appellee.
Before CULPEPPER, FORET AND STOKER, JJ.
FORET, Judge.
This is an action ex delicto in which Robert Breaux (plaintiff) seeks to recover damages for personal injuries he suffered in a vehicular collision. The named defendants are the driver of the other vehicle, Wayne Lee, and his employer and the owner of that vehicle, Roy Young, Inc., a Louisiana corporation.
Defendants filed a third party demand against Albert Mata (a state policeman involved herein). Rockwood Insurance Company (Rockwood) intervened in the principal action, seeking recovery of workmen's compensation benefits and medical expenses paid to or on behalf of the plaintiff. Defendants appeal from the judgment of the trial court rendered against them and present three issues:
(1) Whether the trial court erred in recalling its order granting defendants a trial by jury;
(2) Whether the doctrine of "sudden emergency" is applicable here to absolve defendants from any liability to plaintiff; and
(3) Whether the evidence supports the various awards of damages.

FACTS
Plaintiff was driving a 1975 GMC dump truck loaded with 7½ tons of asphalt for his employer, the Louisiana Department of Transportation and Development, on the morning of April 2, 1979. Plaintiff was south-bound on U.S. Highway 167 and had reached a point approximately ½ mile from Abbeville, Louisiana. Wayne Lee was driving a 1974 GMC truck belonging to his *1386 employer, Roy Young, Inc. and was also south-bound on U.S. Highway 167 behind the plaintiff.
It was approximately 8:28 A.M. and the highway at the point of collision was relatively straight. Plaintiff noticed a north-bound state policeman pull into the south-bound lane of travel with his lights flashing and siren operating at a distance somewhere between 200 feet to 300 feet in front of him. Plaintiff then gradually pulled his vehicle to the shoulder of the highway to allow the emergency vehicle to pass.
Defendant, meanwhile, failed to notice the oncoming state police vehicle until plaintiff had pulled nearly all the way off the highway, and, in an attempt to avoid a headon collision, rammed into the rear of plaintiff's vehicle, knocking it some 18 feet from the point of impact.
Plaintiff suffered minor physical injuries as a result of the collision. However, plaintiff began to develop psychological injuries which would become quite severe in the months following the accident.
Plaintiff instituted this action on July 12, 1979, alleging that, as a direct result of the negligence of Wayne Lee, he had become totally and permanently disabled.
Defendants then filed a third party demand, which contained a request for a trial by jury, against Albert Mata (the driver of the state police vehicle mentioned above) alleging that the accident had been caused by his negligence in traveling in the opposing lane of traffic. The trial court granted a motion for summary judgment in favor of the third party defendant, Albert Mata, dismissing defendants' third party demand against him.
Rockwood was the workman's compensation insurer of the Louisiana Department of Transportation and Development. It intervened in the principal action and sought to recover from defendants the amounts which it had paid or would have to pay in the future to plaintiff for the injuries he suffered in the accident.
The principal action and the intervention were tried without a jury and the trial court rendered judgment in favor of plaintiff and Rockwood against the defendants.
Defendants were granted a suspensive appeal from that judgment.

JURY TRIAL
Defendants argue that the trial court erroneously recalled its order granting them a trial by jury and that this Court should reverse and remand this matter back to the trial court with instructions that it be tried by a jury.[1] It is defendants' contention that the request for a trial by jury made in their petition setting forth their third party demand against Albert Mata was timely and proper and extended to the issues raised in both the principal action and the intervention.
We find that LSA-C.C.P. Article 1732 is controlling here as it provides that:
"A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue." (Emphasis ours.)
The record reveals that defendants filed their answer on August 6, 1979; and that they then filed their third party demand against Albert Mata (the state trooper) on October 6, 1979, requesting a trial by jury.
A review of the petition of third party plaintiffs (defendants in the principal action) convinces this Court that the only issues raised therein are those directed to the third party demand. Therefore, for purposes of LSA-C.C.P. Article 1732, supra, *1387 the last pleading directed to the issues raised in the principal action was defendants' answer. Defendants' request for a trial by jury was made some two months after service of their answer and for that reason, was untimely with respect to those issues. Defendants made no request for a trial by jury of the issues raised in the intervention.
We have reviewed the numerous cases cited by defendants which they allege support their position and we find all of these cases to be inapposite.
Defendants' next contention is that the trial court erred in refusing to allow defendants to file an amended answer pleading the affirmative defense of assumption of the risk, which pleading also contained a request for a jury trial. The trial court, in its reasons for disallowing defendants to file their amended answer, stated that it found that defendants were attempting to circumvent the time limitations contained in LSA-C.C.P. Article 1732.
The court, in Barberito v. Green, 275 So.2d 407 (La.1973), stated, at page 410, that:
"There is within the provisions of the Code of Civil Procedure the necessary safeguard against any abuse of the provisions of Article 1732 by the filing of amending pleadings. The trial judge, in the exercise of discretion may not allow the filing of such amending pleadings which he finds are proffered for the purpose of circumventing the limitations in this article. See C.C.P. Article 1151."
We find that the affirmative defense of assumption of the risk was clearly unavailable to defendants under the facts giving rise to this action. Therefore, we find no abuse of discretion by the trial court in its denial of defendants' motion to file an amended answer. See Arbmahla High Corporation v. North American Company, 345 So.2d 1291 (La.App. 3 Cir. 1977).
Defendants finally argue that the trial court erred in denying their motion to reset the trial on the merits which also contained a request for a jury trial on all issues. The trial court, in denying defendants' motion, stated that it had informed all parties that the court would give the case a preferential fixing once defendants' application for supervisory writs to this Court had been acted upon.[2] Further, the trial court found that defendants were seeking a trial by jury of the issue of whether this case should be tried by a judge or jury, which issue is clearly one that a jury is unable to try.
We find that the trial court properly denied defendants' motion and that there is no merit to any of defendants' contentions.

LIABILITY
Defendants argue that the trial court erroneously refused to find that the "sudden emergency" doctrine was applicable to this case and, therefore, wrongfully held that defendants were liable to plaintiff.
The Court, in Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972), restated the "sudden emergency" doctrine on page 389, where it said:
"One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. This rule for testing the standard of care imposed by law upon actors in a tort situation has been applied by this Court in Dane v. Canal Insurance Co., 240 La. 1038, 126 So.2d 355 (1961), and Commercial Standard Insurance Co. v. Johnson, 228 La. 273, 82 So.2d 8 (1955).

*1388 The principle embodied in this rule enjoys almost universal acceptance in the courts of the nation, founded as it is upon common sense and a proper recognition of prudent standards in human conduct. 65A C.J.S. Negligence § 123; 57 Am. Jur.2d, Negligence, § 90. The rule applies to the defendant's as well as the plaintiff's conduct; it is, therefore, appropriate in a consideration of fault as it bears upon contributory negligence." (Emphasis ours.)
Wayne Lee testified that he first saw plaintiff's vehicle after they had both traveled a few miles south of Maurice, Louisiana, on U.S. Highway 167. Lee testified that he was traveling at approximately 55 miles per hour and began to slow down when he noticed that plaintiff was traveling at a slower rate of speed. Lee further testified that he continued to overtake plaintiff and that it was his intention to pass plaintiff if possible. Lee's testimony at trial was to the effect that he was approximately 65 feet to 70 feet behind plaintiff's vehicle when plaintiff gradually began to pull off of the highway.
However, the state trooper who investigated the accident testified that Lee told him that he was approximately 40 feet behind plaintiff's vehicle when it began to move onto the shoulder of the highway. Lee, under cross-examination, admitted that there was no obstruction to his vision with respect to the highway in front of him once plaintiff had begun to pull off of the roadway. Lee also admitted that he focused his attention on plaintiff's vehicle rather than on the highway itself.
We find that Lee was negligent in failing to keep a lookout as to the conditions on the highway ahead of him, and in following so closely behind the plaintiff that he was unable to bring his truck to a safe stop.
Therefore, the emergency in which defendant, Wayne Lee, found himself was brought about solely by his own negligence and the "sudden emergency" doctrine is unavailable to defendants to absolve themselves from liability to plaintiff.

QUANTUM
Defendants argue that the trial court's awards of damages to the plaintiff are excessive and unsupported by the evidence.
This Court is bound by the methodology of appellate review of trial court awards as set forth in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977), at pages 335-336.
"We do re-emphasize, however, that before a Court of Appeals can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence."
Thus, our initial inquiry is whether the trial court award for the particular injuries and their effects on this particular injured person is a clear abuse of the trier of fact's "much" discretion. Reck v. Stevens, supra; LSA-C.C. Article 1934(3).
The evidence is clear and there is no dispute as to the fact that plaintiff's physical injuries were relatively minor. It is also clear to this Court that plaintiff, unfortunately, suffered a severe "mental injury" as a result of the accident.
Defendants' main contention is that the trial court, in awarding damages to plaintiff, assumed that there would be little or no improvement in plaintiff's condition in the future. They argue that plaintiff failed to prove to a reasonable medical certainty the fact that his injuries were permanent and that there would be very little improvement in the future.
Dr. Thomas Latour, a psychiatrist practicing in Abbeville, Louisiana, had treated *1389 plaintiff since the accident occurred and was seeing plaintiff on the average of once a week. Dr. Latour testified that as of the time of trial, plaintiff was unable to work because of his severe mental condition and that he believed that plaintiff would lapse into psychosis if he stopped taking his prescribed medication. It was Dr. Latour's opinion that the chances for plaintiff's full recovery were rather poor in light of his failure to respond to treatment up until this time. Dr. Latour felt that plaintiff might be able to return to work in the future but it would have to be in a very sheltered, very non-stressful, and non-challenging work environment, performing only simple tasks.
Dr. Michael Berard, a clinical psychologist practicing in Lafayette, Louisiana, examined plaintiff once and administered a battery of psychological tests on him in an attempt to ascertain plaintiff's mental condition. It was his opinion that plaintiff was experiencing a significant neurotic disorder with significant symptoms of depression and anxiety as a result of the traumatic episode of the accident. Dr. Berard felt that he was unable to predict whether plaintiff would be permanently impaired based solely on the one examination he had made. However, in response to a hypothetical question based on the assumption that plaintiff had failed to improve from the date of his examination to the date of trial, Dr. Berard stated that he felt that there was little chance that plaintiff would respond to treatment in the future.
Dr. James Blackburn, a psychiatrist practicing in Lafayette, Louisiana, testified on behalf of defendants. He had also examined plaintiff only once and felt that plaintiff was suffering from a post-traumatic neurosis with components of severe anxiety and depression. He too concluded that this injury resulted from the accident. Dr. Blackburn stated that, while he believed it would be improper to classify plaintiff as a "psychological basket case", plaintiff was as close to being one as the Doctor would like to see anyone.
Dr. Blackburn was of the opinion that the chances for plaintiff's recovery were fairly good, based on plaintiff's good state of mental health prior to the accident. He believed that other forms of therapy like electric shock treatment or in-patient hospitalization at a psychiatric hospital should be undertaken before declaring plaintiff to be permanently impaired. There had been fears expressed by the other medical experts that these alternate forms of therapy may actually cause further damage to the plaintiff. However, Dr. Blackburn felt that the risk that plaintiff would lapse into psychosis was about the same with or without the other forms of therapy.
Drs. Berard and Latour had also testified that they felt that some of the modes of therapy suggested by Dr. Blackburn were improper and would not benefit plaintiff because of his low intellectual potential.
We hold that the trial court correctly found that plaintiff would be unable to achieve a complete recovery in the future.
The trial court awarded plaintiff $60,000.00 for past and future mental and physical pain and suffering. Defendants argue that this is excessive and an abuse of discretion by the trial court.
The record reveals that prior to the accident plaintiff was the father and husband of a stable family group. He and his wife worked and were providing their children with a college education. Plaintiff finished the eighth grade and had quit school to begin working. The evidence leaves no doubt that the plaintiff was determined to provide a better life for his children and had been steadily employed before the accident.
The accident changed all of this. Defendants' own witness, Dr. Blackburn, described the pain that plaintiff had suffered and continues to suffer from with one word, "excruciating". Dr. Blackburn even went so far as to testify that it may have been better to allow plaintiff to lapse into psychosis because he then would have been unaware of the changes in his mental health and the effects which they were having on him and the persons around him. We hold that the trial court's award of *1390 $60,000.00 to plaintiff for mental and physical pain and suffering, past and future, is clearly supported by the record.
Defendants next argue that the trial court's award of $141,516.83 for plaintiff's loss of earnings, past, present and future is excessive and an abuse of that court's discretion.
The trial court based its award on what plaintiff would have earned from the date of the accident to the date of the trial had he been able to continue working. At the time of trial, plaintiff was 42 years of age. It then based its award of future loss of earnings on the assumption that plaintiff would be able to return to work and earn at least the minimum wage at some future time. The court used the sum calculated by plaintiff's expert economist based on the above mentioned assumption.
We have found, as did the trial court, that plaintiff has proved to a reasonable medical certainty that the best that can be hoped for is a return to a very limited range of employment.
We hold that the trial court correctly assessed damages for plaintiff's loss of earnings, past, present and future.
Finally, defendants argue that the trial court abused its discretion in awarding plaintiff $49,000.00 for past and future medical expenses. Defendants contend that plaintiff offered no evidence to show that the medical expenses which he had incurred to the date of trial were reasonable and necessary.
The parties entered into a stipulation before trial that Rockwood had paid $9,773.16 in medical expenses for plaintiff. However, defendants argue that there was no stipulation that these medical expenses were "reasonable and necessary".
Rockwood argues that it was obligated to pay only those medical expenses which were reasonable and necessary as provided in the Workmen's Compensation Law. Therefore, Rockwood argues that the burden fell upon defendants to show that these medical expenses were unreasonable and unnecessary. We agree with Rockwood and the trial court and find that it would be illogical to conclude that the compensation carrier would pay these amounts to plaintiff if there were no basis for his claim. Further, we find from the copies of the drafts which were introduced into evidence and made a part of the record that plaintiff did in fact incur these medical expenses as a result of the injuries he suffered in the accident.
Defendants also argue that there was no evidence introduced to substantiate plaintiff's claim for future medical expenses. Dr. Latour testified that it was his opinion that plaintiff would incur future medical expenses somewhere between $20,000.00 to $30,000.00 and that plaintiff's outlay for prescription drugs necessary to his treatment would range from $150.00 to $200.00 per month.
Dr. Blackburn testified that plaintiff's future medical expenses could total as much as $15,000.00 to $20,000.00 for some of the modes of therapy he suggested.
We find that the evidence supports the conclusion that plaintiff will incur great expense in attempting to obtain medical treatment for his injuries and that there is no guarantee that any one of these will be successful to any significant degree.
We hold that the trial court properly awarded plaintiff $49,000.00 for medical expenses, past and future.

AMENDMENT OF JUDGMENT
Plaintiff answered this appeal and seeks to have the judgment of the trial court amended to allow him legal interest on the amounts awarded from the date of judicial demand. We therefore amend the judgment to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that plaintiff, ROBERT BREAUX, do recover from the defendants, jointly, severally, and in solido, and defendants hereby are condemned to pay to ROBERT BREAUX the sum of TWO HUNDRED FIFTY THOUSAND FIVE HUNDRED SIXTEEN AND 83/100 ($250,516.83) DOLLARS, together with legal interest (seven (7%) per cent from date of judicial *1391 demand to September 12, 1980, and thereafter at the rate of ten (10%) per cent per annum), thereon from date of judicial demand until paid.
LSA-C.C. Article 2924 provides, in pertinent part, that:
"Art. 2294. Rates of legal and conventional interest; usury
Art. 2924. Interest is either legal or conventional. Legal interest is fixed at the following rates, to wit:
At ten percent on all sums which are the object of a judicial demand. Whence this is called judicial interest:
And on sums discounted at banks at the rate established by their charters.
The judicial interest of ten percent per annum shall apply to all lawsuits filed after September 12, 1980. Suits pending on or before September 12, 1980, shall be computed at seven percent per annum from the date of judicial demand until September 12, 1980, and thereafter at the rate of ten percent per annum."
Therefore, the judgment of the trial court should be amended to allow plaintiff the above rates of legal interest from date of judicial demand until payment.
Rockwood also answered the appeal and seeks to have the judgment amended to provide for legal interest on the amounts owed it by defendants. Rockwood is entitled to reimbursement for all sums paid as workmen's compensation benefits pending a final judgment in this action and is entitled to legal interest on that amount. Lachney v. Motor Parts and Bearing Supply, Inc., 357 So.2d 1277 (La.App. 3 Cir. 1978); Willis v. Stauffer Chemical Company, 349 So.2d 1390 (La.App. 3 Cir. 1977), writ denied, 352 So.2d 1047 (La.1977).
For the above and foregoing reasons, the judgment of the trial court is further amended to decree that Rockwood Insurance Company, intervenor, shall be paid by Wayne Lee and Roy Young, Inc., by preference and priority out of the sums awarded to plaintiff, Robert Breaux:
(1) the full amount which Rockwood actually paid up to and including December 4, 1979, the date of the petition of intervention, to or in behalf of Robert Breaux, as weekly workmen's compensation benefits and medical expenses, plus legal interest thereon at the rate of 7% (seven percent) per annum from the date of judicial demand, December 4, 1979, until September 12, 1980, and thereafter at the rate of 10% (ten percent) per annum until paid; and
(2) the full amount which Rockwood actually has paid or will have paid to or in behalf of Robert Breaux, as workmen's compensation benefits and medical expenses, from December 4, 1979, until this judgment becomes final, plus legal interest on the amount of each such payment from the date the payment was or will have been made at the rate of 7% (seven percent) per annum until September 12, 1980, and thereafter at the rate of 10% (ten percent) per annum until paid.
The judgment of the trial court is affirmed in all other respects.
Costs of this appeal are assessed against defendants-appellants.
AFFIRMED AS AMENDED.
NOTES
[1] Defendants make much of the fact that plaintiff's motion to recall the order for a trial by jury was filed on the morning of the date set for trial. However, the record does show that the motion was presented to the trial judge on April 3, 1980, some 4 days before trial and that an attached rule to show cause was signed on that same date ordering defendants to show cause on the morning of the trial why plaintiff's motion should not be granted. Plaintiff states in brief that the trial judge's law clerk telephoned counsel for defendants on April 3, 1980, and advised them of the existence of the motion and offered to deliver a copy to them. However, plaintiff further states that counsel for defendants refused to accept it.
[2] Defendants applied for supervisory writs with this Court seeking a review of the trial court's decision to recall its order granting defendants a trial by jury. We denied writs on May 7, 1980, stating that there was no abuse of discretion by the trial court in the ruling complained of.