LABORDE, Judge.
This appeal arises as a result of a suit filed by plaintiff, Arvil Nolen, to recover payment pursuant to a contract entered into with defendant, Tompkins and Company. Tompkins, an Oklahoma Corporation, filed a declinatory exception of lack of jurisdiction over the person. Nolen filed a memorandum in opposition to this exception and Nolen further petitioned the court to fix a trial date for a hearing on the declinatory exception. The trial court denied Nolen’s motion to fix a trial date. Nolen appeals this interlocutory judgment. We dismiss the appeal finding that irreparable injury has not been shown.
A better understanding of the case can be gleaned from a review of the record. On May 24, 1979, Nolen instituted a suit by attachment seeking payment under a contract entered into with Tompkins. Tompkins responded by filing a declinatory exception of lack of jurisdiction and Tompkins further moved to dissolve the attachment. On January 23, 1981, the trial court held a hearing on this exception. The trial court ruled that Tompkins owned no property that could be attached to confer jurisdiction, therefore the exception was sustained. A judgment reflecting this ruling and dismissing Nolen’s suit was signed on June 24, 1981.
On December 31, 1981, Nolen, after obtaining the services of a new counsel, filed a second petition under the same docket number seeking payment under the contract with Tompkins. In this petition, Nolen alleged that jurisdiction over Tompkins was conferred by the Louisiana Long Arm Statute. LSA-R.S. 13:3201, et seq. Tompkins again filed a declinatory exception denying the court’s jurisdiction. Nolen responded on March 24,1982, by filing a memorandum in opposition to the exception and Nolen also petitioned the court to set a trial date for a hearing on this exception. On March 30,1982, the trial court signed the following order.
“The exception to the jurisdiction was maintained and the suit was dismissed at the cost of plaintiff on June 24, 1981. It was impermissible to file the petition for breach of contract under this same docket.
Accordingly, the motion and order for trial setting will be denied.
Issued and signed at Leesville, Louisiana, this 30th of March, 1982.”
Nolen appeals from this adverse ruling.
We note that the judgment being appealed is not a final judgment. LSA-C. C.P. Article 1841. The judgment denying Nolen’s motion to fix a trial date for the declinatory exception is an interlocutory judgment. LSA-C.C.P. Article 1841. An appeal may be taken from an interlocutory judgment only when it is made to appear that it may cause irreparable injury. LSA-C.C.P. Article 2083; Sonnier v. Gray Tool Co., 359 So.2d 1111 (La.App. 3rd Cir.1978) writ denied, 362 So.2d 800 (La.1978).
The trial court’s refusal to. set a trial date on the declinatory exception stems from its refusal to recognize a new petition for breach of contract filed under the same docket in which his suit had been dismissed. In effect, Nolen filed an amending petition *684 to a suit that had already been dismissed. The trial court correctly refused to hear the exception in this instance. Nolen’s remedy is the filing of a new suit not the filing of a new petition in a suit that has been dismissed.
Since Nolen has the remedy available of filing another suit and proceeding with his case, no irreparable injury can be discerned resulting from the interlocutory action of the trial court. Therefore, since irreparable injury has not been shown this appeal is not properly before us. We thereby dismiss Nolen’s appeal for lack of jurisdiction. LSA-C.C.P. Article 2162.
For the foregoing reasons, Arvil Nolen’s appeal is dismissed at his cost.
APPEAL DISMISSED.