475 So.2d 134 (1985)
Maria GOULAS, Plaintiff-Appellee,
v.
Dale Joseph GOULAS, Defendant-Appellant.
No. 84-664.
Court of Appeal of Louisiana, Third Circuit.
August 22, 1985.
Rehearing Denied September 24, 1985.
*135 Champagne & Brumbaugh, Thomas D. Brumbaugh, Lafayette, for defendant-appellant.
D. Warren Ashy, Lafayette, for plaintiff-appellee.
Before STOKER, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Maria Goulas brought suit against her brother, Dale, for rescission of a 1977 sale of land on the ground of lesion beyond moiety. The trial court dismissed her suit. This court on appeal reversed that judgment finding the sale to be lesionary, and we remanded the case with instructions for further proceedings. Goulas v. Goulas, 426 So.2d 735 (La.App. 3rd Cir.1983).
*136 Following those instructions the trial court, after conducting a hearing to determine the value of the naked ownership of the property, rendered an interlocutory decree establishing the fair market value of the property at the time of sale, and ordered Dale to exercise his option either to rescind the sale or have it confirmed on paying the full market value to Maria within 30 days, in accordance with former La. Civil Code Article 1877. It is from this interlocutory order that Dale appeals once again. We affirm, and remand the case for final proceedings.
At the outset we note that the order appealed from is an interlocutory one, and such an appeal is allowable only when it appears that the order, if left standing, would cause irreparable injury. La.C.C.P. arts. 1841 and 2083. There has been no showing of irreparable injury in this case. However, in the interest of putting this case at rest, we will consider the merits of the appealed issue. See Sonnier v. Gray Tool Co., 359 So.2d 1111 (La.App. 3rd Cir.1978), writ denied 362 So.2d 800 (La.1978).
The primary argument on appeal is that the trial court erred in finding the full market value of the property to be $23,296. The appellant has also raised issues which have been decided by this court in the first appeal, and these issues will not again be considered. See Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).
Appellant argues that $23,296 is excessive because the evidence as to the value of the property did not take into account that the usufructuary's property with improvements landlocked the remainder of the property. We find no merit to this argument for the reason that the property is not landlocked and the defendant has a means of ingress and egress to the highway.
The transfer in question was the cash sale of 6.1 arpents of land with improvements subject to a reservation of a usufruct over the half acre of property where the home was located. Dale thereby became the naked owner of the half acre subject to the usufruct and the full owner of the remainder. This half acre fronts on Louisiana Highway 25. Appellant argues that the reservation of the usufruct deprives him of a means of ingress and egress to the remainder of the property.
This is not so. Under La.Civil Code arts. 689 and 694 it is clear that defendant has a right of passage to the highway. These articles read:
"Art. 689. Enclosed estate; right of passage. The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion."
"Art. 694. Enclosure of estate by voluntary alienation or partition. When in the case of partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage."
A naked owner of property who also happens to be the owner of an adjoining immovable, may exercise freely all of the prerogatives of ownership appertaining to a neighbor, even if the exercise of these rights interferes with the enjoyment of the usufructuary. See A.N. Yiannopoulos, Personal Servitudes, Sec. 82, 3 Louisiana Civil Law Treatise 316 (1978).
The appellant also urges that the trial court erred in its calculations of the value of defendant's naked ownership in the half acre. The trial court, finding Mrs. Goulas to be 74 years old at the time of the sale, applied R.S. 47:2405 to determine Mrs. Goulas' life expectancy and the value of the defendant's naked ownership at the time of the sale. Appellant argues that the trial court should have used Mrs. Goulas' attained age of 81 at the time of the hearing *137 on remand, with a life expectancy of 4.05 years, to get a more realistic life expectancy for the plaintiff at the time of the sale, and using this figure the court could have arrived at a more accurate value for the defendant's naked ownership. We disagree.
The trial court's calculations were correct. The value of the property at the time of the sale is the rule to determine lesion. Former La.Civil Code art. 1871, and present La.Civil Code art. 2590. The plaintiff was 74 years old at the time of the sale and not 81 years old. Therefore, the trial court used the proper figure in calculating defendant's value in the naked ownership of the property under R.S. 47:2405.
For these reasons and considering the testimony of the appraisers in the prior hearing, we find that the trial court correctly found the property to be valued at the time of sale at $23,296.
The interlocutory order is affirmed and the case is remanded for further and final proceedings consistent with this opinion. Costs of this appeal are to be paid by appellant.
AFFIRMED, AND REMANDED FOR FINAL PROCEEDINGS.