CRAIN, Judge.
FACTS
On November 8,1982, Donald Boudreaux was involved in an automobile accident in Baton Rouge. Suit was filed on November 3, 1983. The defendants stipulated liability before trial leaving the extent of the injuries suffered by the plaintiff the only issue before the trial court. Plaintiff was awarded damages in the amount of $80,000 by the trial judge. Plaintiff appeals the *572 amount of the damage award and also the denial of the request for a jury trial.
JURY TRIAL
The plaintiff filed this suit on November 3, 1983. The defendants’ answer was filed on May 29, 1984. At this point neither party had requested a jury trial.
A pre-trial request and order were filed in January, 1987. A telephone pre-trial conference was held on February 5, 1987, and a jury trial was set for April 8. The plaintiff posted the bond for a jury trial. Approximately two weeks prior to trial the defense counsel notified the plaintiff’s counsel that a request for a jury trial had never been filed. A week before the trial date, plaintiff’s counsel sought leave of court to amend the petition to request a jury trial and increase the amount of damages sought. The trial court denied the request. Plaintiff assigns this as error.
La.C.C.P. art. 1733 states in part:
C. The pleading demanding a trial by jury shall be-filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for a trial by jury.
The last pleading directed to any issue triable by a jury could only be the answer filed by the defendant in May, 1984. Neither party filed a request for a jury trial within ten days from this pleading.
La.C.C.P. art. 1151 states in part:
A plaintiff may amend his petition without leave of court at any time before the answer thereto is served.... Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.
As stated by this court in Booty v. Kentwood Manor Nursing Home, Inc., 483 So. 2d 634, 640 (La.App. 1st Cir.1985), writ denied, 486 So.2d 754 (La.1986):
When there is no written consent of the adverse party, it is within the sound discretion of the trial court to accept or refuse an amendment to a petition after an answer has been filed and the trial judge’s ruling in that regard will not be disturbed unless there has been an abuse of that discretion.
In Sonnier v. Gray Tool Company, 359 So.2d 1111 (La.App. 3rd Cir.), writ denied, 362 So.2d 800 (La.1978), the defendant amended its answer solely to request a jury trial long after the elapse of 10 days from filing of any pleading directed to a jury issue. The plaintiff objected and the trial court struck the demand for a jury trial. Subsequently, defendant sought to amend its answer by adding additional paragraphs relating to plaintiff’s conduct having created a sudden emergency, plaintiff having the last clear chance, and plaintiff failing to mitigate damages. A jury trial was requested. The appellate court agreed with the trial court that the defendant filed the amendment solely for the purpose of circumventing the time limitations of La.C. C.P. art. 1733 (then 1732). Accordingly, we find no abuse of discretion in the trial court’s refusal to allow amendment of the petition in this case. Consequently, the posture of the case is a situation where a jury bond was filed, and a jury trial actually set but withdrawn because there was never a valid request for a jury trial.
Plaintiff further contends that under these circumstances defendants waived objection to the jury trial by not objecting until after bond was filed and the matter was set for trial before a jury. In Broome v. Gauthier, 443 So.2d 1127 (La.App. 4th Cir.1983), writ denied, 445 So.2d 449 (La.1984), two lawsuits arising out of the same incident were consolidated. Prior to consolidation a jury trial had been requested in only one of the cases. At the close of the evidence it was brought to the trial judge’s attention that in one of the cases a request for a jury trial had not been filed. The trial judge then submitted the case where a jury trial was requested to the jury, and rendered a decision in the other case himself. The court held that the objection to the jury trial had not been waived at that point. If a party does not lose its right to object to a trial by jury after trial then an objection raised prior to trial must be timely. The right to a trial by jury is a fundamental right, but it is waived when not *573 timely requested. The trial court was correct in denying the jury trial in this case.
DAMAGES
Plaintiff contends the amount of the damages awarded is inadequate. The defendant originally argued that the award was excessive and requested that it be reduced, but later abandoned this request, so our review is limited to an examination of the damage award as insufficient.
The plaintiff had four separate surgeries on his neck and back prior to the accident with which this case is concerned. Subsequent to this accident but prior to trial, the plaintiff suffered two other accidents that affected his back and required medical attention. The plaintiff did not require surgery as a result of the accident in question. He did not attempt to specify or separate the special damages at trial or for this review. The evidence at trial did not clearly establish the extent of the plaintiffs injuries that were attributable to the accident in question. The trial court, after meticulously sifting through evidence covering the several incidents concerning plaintiff’s back, concluded that the plaintiff suffered a soft tissue injury as a result of this accident, and awarded an in globo award of $80,000, less a credit for amounts previously paid. The judge’s determination of the extent of the plaintiff’s injuries is a finding of fact. Findings of fact by the trial court will not be disturbed on review absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find no such error.
In Sims v. Selvage, 499 So .2d 325, 328 (La.App. 1st Cir.1986) this court stated:
General and special damages may be awarded in globo and such award will not be set aside absent an abuse of discretion. ... “It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review ... be considered either excessive, or insufficient.” ... In order to determine whether the trier of fact “abused its discretion by making an inadequate award, the evidence must be viewed in the light most favorable to the defendant.” (citations omitted).
After review of the record we find no abuse of discretion on the part of the trial court in making the in globo award.
We affirm the decision of the trial court. All costs of this appeal are assessed against the appellant.
AFFIRMED.