614 So.2d 211 (1993)
STATE of Louisiana, Plaintiff-Appellant,
v.
Virgil Ray HARTLEY, Defendant American Bankers Insurance Company, Surety-Appellee.
No. 92-87.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
*212 Thomas Willson, Asst. Dist. Atty., Alexandria, for plaintiff-appellant.
Graymond Martin, New Orleans, for surety-appellee.
Before YELVERTON, KNOLL and SAUNDERS, JJ.
SAUNDERS, Judge.
This appeal arises from a judgment which set aside and declared null a judgment of bond forfeiture. For the following reasons, we reverse.

FACTS
On January 4, 1989, Virgil Ray Hartley was charged by a bill of information with a violation of LSA-R.S. 40:966, Distribution of Controlled Dangerous Substance, Schedule I. American Bankers Insurance Company of Florida (American Bankers), a commercial surety, through its bondsman, Carl Guillory of Guillory Bonding, posted a $10,000.00 appearance bond on behalf of Hartley. The bond did not fix the appearance date.
Hartley entered a plea of not guilty on January 20, 1989. The case was placed on the docket for trial on the merits on September 18, 1989. On August 17, 1989, the district attorney sent notices of the trial date by certified mail, return receipt requested, pursuant to LSA-C.Cr.P. art. 337, to the bondsman, to the surety, and to the defendant.
Return receipts from American Bankers and Carl Guillory showed delivery of the notices on August 21 and August 22, 1989, respectively. The record shows that the notice to American Bankers was mailed to 11222 Quail Roost Drive in Miami, Florida. No return receipt was delivered to the district attorney's office on Hartley.
When Hartley failed to appear for trial on September 18, 1989, the district attorney submitted into evidence the return receipts from American Bankers and Guillory Bonding. The trial judge issued an attachment for Hartley's arrest and rendered a money judgment based on a forfeiture of the appearance bond. The Judgment of Bond Forfeiture was signed on October 23, 1989, and, pursuant to LSA-R.S. 15:85, the Clerk of Court's affidavit indicated notice of the judgment was mailed to American Bankers and Carl Guillory on November 8, 1989. However, the notice of the judgment was mailed to American Bankers at 4350 Executive Drive in San Diego, California, as was provided on the criminal bond when it was issued on May 12, 1988. This notice of judgment never reached American Bankers at the California address.
On March 30, 1990, American Bankers filed its Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity of Judgment, and contended that the judgment was an absolute non-enforceable nullity based on improper notice of the arraignment and/or bond forfeiture proceedings pursuant to LSA-R.S. 15:85.
In response, the district attorney's office filed its dilatory exceptions of unauthorized use of summary proceeding and improper cumulation of actions and peremptory exception pleading no cause of action. The trial judge denied all exceptions and granted American Bankers' motion to set aside the judgment of bond forfeiture.
The district attorney subsequently filed motions for rehearing and new trial. The application for new trial was filed on the basis that the State had discovered evidence important to the cause, which it could not, with due diligence, have obtained before or during the trial. LSA-C.C.P. art. 1972(2). Attached to and made part of the motion for new trial were the return receipts showing that American Bankers received notice of the judgment on January 30, 1990, apparently as a result of a second *213 mailing to the Miami, Florida, address. This evidence is not before this court and does not form part of the record on appeal. The attachments were not offered, introduced, or filed into evidence. See Blount v. Exxon Corp., 395 So.2d 355 (La.App. 1st Cir.1981). Moreover, the return receipts showing delivery of the notice of judgment are irrelevant to our determination in this case.
The trial judge denied both motions, apparently finding the district attorney's office had not exercised due diligence in obtaining the return receipts which were dated January 30, 1990, over a year before the trial of March 7, 1991.
The State appeals both the trial court's denial of the exceptions and the new trial.
The denial of dilatory exceptions is an interlocutory judgment which cannot be appealed unless there is a showing of irreparable injury. Head v. Erath General Hosp., Inc., 458 So.2d 579 (La.App. 3d Cir. 1984), writ denied 462 So.2d 650 (La.1985). An order denying a motion for new trial is generally a nonappealable judgment, reviewable only under supervisory jurisdiction for abuse of discretion, although some interlocutory decrees, including ruling on new trial applications, might rise to the status of an appealable judgment by causing irreparable injury. LSA-C.C.P. arts. 2083, 2164. There has been no showing of irreparable injury in this case. However, in the interest of putting this case at rest, we will consider the merits of the appealed issue. See Sonnier v. Gray Tool Co., 359 So.2d 1111 (La.App. 3d Cir.), writ denied 362 So.2d 800 (La.1978); Goulas v. Goulas, 475 So.2d 134 (La.App. 3d Cir.), writ denied 478 So.2d 907 (La.1985).
The primary argument on appeal is that the trial court erred in nullifying the bond forfeitures.

DISCUSSION
In order to obtain a judgment of bond forfeiture against a surety, the State must comply with the terms of the statute regulating bond forfeitures. State v. DeLaRose, 391 So.2d 842 (La.1980); State v. Hathaway, 403 So.2d 737 (La.1981).
The procedure for forfeiture of bonds is outlined in LSA-R.S. 15:85 as it existed at the time of the forfeiture[1]. The requisite notice of appearance dates is outlined in
*214 LSA-C.Cr.P. art. 337[2].
American Bankers obtained the judgment to set aside the judgment of bond forfeiture based on (1) lack of sufficient evidence of service of notice to satisfy LSA-C.Cr.P. art. 337; and, (2) lack of notice of the judgment of forfeiture within six (6) months after entry under LSA-R.S. 15:85.
Our inquiry begins with whether the trial judge presiding over the criminal matter, before ordering the forfeiture bond, heard "proper evidence" as required by LSA-C.Cr.P. art. 337. Since certified mail was used, the mailing was required to include a return form to be signed by the addressee[3]. The transcripts of the hearing reflect that the returns on the surety and bondsman were received into evidence. The returns also appear in the record. These returns serve as proof of service of notice to the surety and to its bondsman. American Bankers, in its brief, suggests that the State must make a prima facie showing of proof of demand prior to the entry of the judgment. American Bankers bases this on article 1702 of the Code of Civil Procedure which sets forth the requirements for the entry of a judgment by default. American Bankers suggests that the bond contract should have been entered; that there should be proof that the person signing the bond contract had the authority to enter into the contract; and that there should be proof of service on the surety. It then cites a string of cases, none of which support its contentions. The bond forfeiture hearing, although somewhat casual, was adequate. After establishing that Hartley was not present, the district attorney entered into evidence the proof of notice required by LSA-C.Cr.P. art. 337 which clearly indicated that the surety and the bondsman received notice of the trial date. The district attorney then requested a bench warrant for Hartley's arrest. We conclude, therefore, that the trial judge considered the proper evidence before ordering the forfeitures.
The second issue is whether the notice of the forfeiture of the bond, which shall include the power of attorney number used to execute the bond, was mailed to the agent or bondsman of the surety who posted the bond in compliance with LSA-R.S. 15:85(A)(1). The record evidences the affidavits from the Clerk of Court stating the notice was mailed. No power of attorney number was placed on this notice. However, in State v. Owens, 561 So.2d 842 (La. App.2d Cir.1990), writ denied 566 So.2d 400 (La.1990), the court held a notice without the power of attorney number could still give the surety and the bondsman adequate notice such that they could determine the identity of the defendant and their obligation on the bond, and that no prejudice results. The instant notice clearly designated the defendant, the bond amount, and the bondsman, and in no way inhibited the surety or bondsman from determining who the defendant was or what the obligation was under the bond. Accordingly, we find no prejudice as a result of failing to have the power of attorney number on the bond.
*215 American Bankers also questions whether the court properly ascertained that the bondsman had, in fact, the authority to write it. However, American Bankers does not complain that Carl Guillory was without authority to write the bond and bind it as surety. Additionally, there is no evidence suggesting that Carl Guillory improperly acted as agent for American Bankers.
The trial court also determined that the State failed to comply with LSA-R.S. 15:85 in that the notice of the judgment of forfeiture was not forwarded to the address in Florida, where the article 337 notice was mailed, but was instead forwarded to an address in California which was provided by the bond company on the criminal bond itself. In State v. Canto, 600 So.2d 152 (La.App. 3d Cir.1992), a factually similar case, we addressed the same issue, wherein we held the surety, who incidentally was also American Bankers, was at fault for failing to provide its correct address on its bond. See also American Bankers Ins. Co. v. State, 581 So.2d 313 (La.App. 1st Cir.1991), wherein the court stated, at page 314:
... LSA-R.S. 15:85 requires notice of forfeiture to "the surety on the bond whose address is on the face thereof." Strict compliance does not necessarily equate to strict construction, and we will not read this statute as requiring actual notice or anything other than what it says which, essentially, is notice to the address on the bond. Due process requires not actual notice but a method "reasonably calculated" to provide actual service. (Citation omitted.)
Accordingly, all that is required by the statute is that notice of forfeiture be mailed to the surety on the bond whose address is on the face thereof, with an affidavit from the Clerk of Court attesting to such mailing. We fault American Bankers for failing to provide its correct address on the criminal bond.
We are aware that the Florida address of American Bankers may possibly have been available to the Clerk of Court's office. However, American Bankers does not address this issue on appeal and no evidence at the hearing indicates that it was. Furthermore, no evidence was introduced which indicated that the State deliberately disregarded the second address. We would note that had that been the case, American Bankers' entitlement to due process may have been violated.
Accordingly, we conclude the procedure followed by the State was adequate in light of the statutory provisions outlined above, and reverse the trial court's determination to set aside the forfeiture judgment.
Costs of this appeal are cast to American Bankers Insurance Company, Surety and Appellee.
REVERSED.
NOTES
[1] LSA-R.S. 15:85 provides in pertinent part as follows:

"Forfeiture before district court; procedure
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice to the defendant and the surety or an agent or bondsman of the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent or bondsman of the surety who posted the bond. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
(2) If within twenty-four hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded, and may, at any time, cause it to be recorded in every parish in which he thinks the recordation proper, and every such recordation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If the judgment has not been paid within sixty days of mailing of proper notice hereunder, the district attorney shall cause to issue a fieri facias against both the principal and his sureties. The sixty-day period herein constitutes an appeal delay and failure to assert a defense to the forfeiture and collection of the bond within this period waives any defense to the forfeiture and collection of the bond as set forth in this Section. The provisions of this Paragraph shall not be construed to adversely affect any rights granted in Paragraph (3) of this Subsection, or R.S. 15:87." [Emphasis supplied.]
[2] La.C.Cr.P. Art. 337 provides as follows:

"Notice to surety of time and place of appearance
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety or an agent or bondsman of the surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety or an agent or bondsman of the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety or an agent or bondsman of the surety at least three days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety or an agent or bondsman of the surety. If the principal appears as ordered and the proceeding is continued to a specific date, the surety or an agent or bondsman of the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of forfeiture for the defendant's non-appearance on that particular date."
[3] We are not concerned with LSA-C.Cr.P. art. 735's notice formalities. See State v. Canto, 600 So.2d 152 (La.App. 3d Cir.1992).