EDWARD J. STOULIG, Judge Pro Tem.
Plaintiff, Michael A. Cenac, injured in a pedestrian-dump truck accident, appealed a judgment dismissing his claim against the Zurich Insurance Company, liability insurer of defendant, Archie Campbell, Sr.
On July 10, 1978, plaintiff was employed as a civil engineer at a commercial construction site in New Orleans East where, among other things, he acted as a spotter. It is the duty of a spotter to direct loaded dump trucks from the street to the dump site on the property. On the day of the accident he had been working approximately two hours and received 15 loads of sand when Campbell arrived in his truck. Because the land was not firm Campbell was directed through a section overgrown with weeds, the most solid part of the “coffee grounds”, and was required to keep his truck moving at all times so he would not get stuck.
Campbell first maneuvered his truck perpendicular to the property line and, from that point Cenac, running alongside the left or driver’s side of the vehicle, directed him backward with hand signals which were visible to the driver through the left rear-view mirror. When he reached a point where he was to turn his truck to unload the materials Cenac pointed to indicate the turn, (verbal communications being impractical because of the noise.)
After .receiving the signal, Campbell watched his right rearview mirror continuously because the right rear of the truck would be the first part to reach the unloading site. As the truck began its jackknife motion in response to plaintiff’s signal, the left rear of the cab moved outward to the left of its original path of travel and struck plaintiff.
The only disputed fact in those recited is whether plaintiff actually signaled Campbell to turn his truck. In view of the fact that plaintiff stated in his deposition that he did give the signal and denied this at the trial, and that Campbell said plaintiff motioned him to turn, it is logical to accept the driver’s statement to this effect.
In written reasons for judgment the trial court found the plaintiff failed to prove negligence on the part of Archie Campbell because Cenac was directing the truck, which turned at the proper place, and the pedestrian was obligated to keep out of the way.
Appellant, arguing Campbell breached a high duty of care he, as a motorist, owed to plaintiff, a pedestrian, cites as relevant Guilbeau v. Liberty Mut. Ins. Co., 338 So.2d 600 (La.1976). In that case a pedestrian construction worker, unaware of the presence of a backing dump truck, was hit by a driver who saw him at least 159 feet before the accident occurred. The Gu-ilbeau holding does not apply here because the plaintiff was fully aware of the truck’s presence and it became impossible for the driver to watch the plaintiff once his turn began, as plaintiff well knew. Pierre v. Landry, 341 So.2d 891 (La.1977) discusses the unaware pedestrian situation and is also inapposite.
Appellant, not conceding the negligence of Cenac, argues the driver was guilty of actionable negligence in that he had a “clear chance” to avoid the accident. As discussed in Widcamp v. State Farm Mut. Auto. Ins. Co., 381 So.2d 937 (La.App. 3rd Cir. 1980) the “clear chance” doctrine requires the motorist who can avoid the accident to do so once the danger becomes apparent, without considering whether his opportunity to act was the final chance either participant had to avoid the accident. The facts in Widcamp lend themselves to the application of the last “clear chance” doctrine because there a motorist had the opportunity to observe a young pedestrian at a time when, with due care, he could have avoided injuring him. This case is distinguishable factually.
At no time did the driver have an opportunity to avoid this accident. Campbell followed plaintiff’s direction and turned at the correct place. Once the turn began he could no longer see Cenac and the driver *872 had the right to assume that the one directing the truck to turn would anticipate the cab would move as it did.
For the reasons assigned the judgment appealed from is affirmed.

AFFIRMED.