KLIEBERT, Judge.
In September, 1975, Dudley Johnnie Meaux, Jr. (hereafter Meaux), an employee of G. & T. Crane Service, Inc., was injured when he crawled beneath a tractor-trailer, owned by Tom Hicks Transfer Company, to unhook a shackle, owned by G. & T. Crane Service, Inc., which had been used to lift the lowboy tractor-trailer from a “stuck” or “hung-up” position on a bridge.
Tom Hicks had rented a crane, owned by G. & T. Crane and on which Meaux was a helper, to assist in the unloading of a large vessel or tank from a railroad car onto a lowboy trailer and in moving the trailer across Peters Road and, thereafter, to unload the lowboy trailer and assist in setting up the vessel in Tom Hicks’ yard in Harvey, Louisiana. In the process of moving across Peters Road, the lowboy trailer, being pulled by a truck tractor, became “stuck” or “hung up” on a bridge. G. & T. Crane’s employees refused to use the rented crane to pull the tractor-trailer from its stuck position. Employees of Tom Hicks obtained and used one of their cranes with a sling and shackles loaned by G. & T. Crane to pull the lowboy from its “stuck” position. After the tractor-trailer became unstuck, but while the Tom Hicks crane was still tied onto the tractor-trailer, Meaux, along with other employees of G. & T. Crane, crawled underneath the tractor to unhook the sling and shackles. While Meaux was in the process of unhooking the shackles, the tractor-trailer moved, causing the tires of the *682 tractor-trailer to roll over Meaux’s lower extremities.
Meaux brought this suit in tort against Tom Hicks Transfer Company; Jessie Alexander, the employee of Tom Hicks who was operating the tractor-trailer; Ben Groil, the employee of Tom Hicks who was the operator of the Tom Hicks crane; and their insurers. Continental Insurance Company (hereafter Continental), the workmen’s compensation carrier for G. & T. Crane intervened seeking reimbursement for compensation benefits previously paid and being paid to Meaux. In defense, the alleged tort-feasors contended Meaux was a “statutory employee” or a “borrowed employee” of Tom Hicks; hence, the Louisiana Workmen’s Compensation Act barred this suit and additionally pled contributory negligence on the part of Meaux as a bar to recovery in tort. Motions for summary judgment based on the “statutory employee” and “borrowed employee” defenses were heard and denied by the trial judge.
On the date set for the trial on the merits, Meaux stipulated in the record a settlement of his claim with the alleged tort-fea-sors and their insurers. When the settlement agreement was consummated, he filed a motion to dismiss his claims against the defendants; i. e., Tom Hicks and his employees, Jessie Alexander and Ben Groil and their insurers. The intervening compensation carrier, Continental, elected to try his claim against these defendants rather than settle. After two days of trial, Continental obtained a continuance, and in the interim, amended its petition in intervention, made Meaux a defendant, and claimed a right to reimbursement out of the settlement proceeds received by Meaux.
Based on the factual findings that Meaux was a statutory employee of Tom Hicks and contributorily negligent, after trial the district judge dismissed the intervenor’s claims and pursuant to the motion filed by the plaintiff for a dismissal (at the time the settlement was consummated), dismissed all of Meaux’s claims against the defendants. The intervenor appealed.
Under R. S. 23:1061, the principal for whom a contractor is performing work which is part of the principal’s “trade, business or occupation” is liable to the contractor’s employees for compensation benefits. Hence, under R. S. 23:1032, the injured employee’s remedy for injuries incurred while performing the work of the principal is exclusively in compensation as to the principal (his statutory employer) and the contractor (his payroll employer). At the time of Meaux’s injury in 1975, to fall within the purview of these statutory provisions, the contractor’s employees must have been engaged in an activity which is part of the principal’s business with the following essential elements being present: (1) The relationship of principal-contractor (as distinguished from some other relationship, such as vendor-vendee) must exist; (2) A contract between the principal and the contractor for the whole or a part of the work being undertaken by the principal must exist; (3) The work which is the subject of the contract must be part of the principal’s trade, business or occupation; and (4) The contractor’s injured employee must be engaged in this work when injured. See Vincent v. Ryder, 352 So.2d 1061 (La.App. 3rd Cir. 1977) and the cases cited therein.
According to the testimony of Mr. Joseph Chimento, the yard superintendent of Tom Hicks, corroborated by other employees of Tom Hicks and G. & T. Crane, it was part of the regular day-to-day work at Tom Hicks Storage Yard in Harvey, La., for Tom Hicks’ employees, using Tom Hicks’ cranes and trucks, to unload and/or move equipment or pipe from the freight cars or the storage yard on one side of Peters Road to the storage yard on the opposite side of Peters Road. On the particular move involved here, it was essential to Tom Hicks’ business to move the vessel and to free the truck which got “hung up” in the course of making the move. The G. & T. Crane Service was contracted to assist in making the move involved here because none of Tom Hicks’ cranes were large enough to handle the weight of the particular vessel being moved and Tom Hicks had a working agreement with G. & T. Crane for G. & T. Crane *683 to supply cranes and helpers for a stated price when called upon to do so. The employees of G. & T. Crane manning the crane were under the control and direction of Tom Hicks’ employees.
Given these facts, we believe the trial judge had sufficient evidence on which to conclude Meaux was the “statutory employee” of Tom Hicks. The arguments advanced by the appellant as to the existence of a vendor-vendee relationship between Tom Hicks and G. & T. Crane, as well as appellant’s argument that the work being done was not part of Tom Hicks’ trade, business, or occupation, are not supported by the evidence in the record. Upholding the trial court’s finding that Meaux was a statutory employee of Tom Hicks bars Meaux’s recovery from Tom Hicks and, likewise, bars the intervenors’ claims against Tom Hicks. The trial judge also concluded that Meaux was contributorily negligent and, therefore, dismissed the in-tervenors’ claims against Tom Hicks’ employees and their insurers. In our view there is ample basis in the record to support his actions.
As pointed out by the trial judge, it is difficult to pin the cause of the accident on any one person, but it is evident that Meaux was among the individuals who contributed to his own accident. Mr. Chimento denies he authorized or instructed anyone to commence unshackling the truck-trailer. It is unclear whether Gus LeBourgeois asked or told Meaux to get beneath the truck. Everyone, including Meaux, however, admitted the slings could have and should have been unshackled from the crane before attempting to unshackle the sling from the lowboy trailer. Meaux admitted he placed himself in a position of danger without speaking to the operator of the truck or of the crane and without determining whether the “unhooking” operation was completed. In essence, Meaux got beneath the truck to unshackle the lowboy believing it was safe to do so, where in fact, it was not.
While challenging the trial court’s finding of contributory negligence, the appellant contends the test of contributory negligence here should be that of a pedestrian-motorist similar to that applied in Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400 (La.1978). We do not agree. The Baumgartner decision does not apply to each and every case involving some type of motor vehicle. Baumgartner involved the duty owed by a motorist to a pedestrian crossing a city street. Here Meaux was an industrial worker assisting in the moving of a large vessel with the use of heavy equipment including a motor vehicle. Meaux, as well as the operators of the heavy equipment, had a duty to exercise reasonable and ordinary care in the performance of their work. Meaux voluntarily and knowingly exposed himself to the danger which resulted in his injury. Crawling beneath a tractor-trailer, with its motor running, while it is shackled to a crane with its motor running is a known and obvious danger. Had Meaux used ordinary care for his safety, he would not have been injured. Since Meaux was contributorily negligent, neither he nor the intervenor was entitled to recovery from Tom Hicks’ employees or their insurers.
This leaves for consideration the interve-nor’s right to recover from Meaux from the settlement proceeds he received from the tort-feasors. Although not developed in his brief, the appellant’s contention in this regard apparently stems out of his interpretation of R. S. 23:1103. Similar contentions were previously answered by the Supreme Court in Crabtree v. Bethlehem Steel Corporation, 284 So.2d 545 (La.1973) and by the First Circuit Court of Appeal in Roberson v. Fontenot Petroleum Co., Inc., 322 So.2d 287 (1st Cir. 1975), Writ refused, 325 So.2d 277. In the Crabtree case, at page 555, Justice Tate said:
“. . . sums received by way of compromise are not paid to satisfy a ‘legal liability to pay damages’, La.R.S. 23:1101, so as to be under the statutory scheme subject to apportionment between the employer and the employee.”
In essence, under the interpretation of the compensation act established by this line of jurisprudence, the injured em *684 ployee and his employer have a claim against the tort-feasor and in the event of a favorable judgment against the tort-feasor, the employer has first preference for reimbursement of compensation benefits paid to the employee. Either party can file suit against the tort-feasor but upon filing must give notice and an opportunity to be heard to the other. No compromise with the tort-feasor by one party shall be binding upon or affect the rights of the other unless assented to by him.
Simply stated, in the present case, the injured employee elected to compromise his claim rather than gamble on a trial. The intervenor, however, elected to try his claim and lost. The intervening compensation carrier’s present contention that Meaux confessed judgment or consented to a recovery by the compensation carrier from the proceeds of his compromise at the time the judgment in the compensation case was entered into is not supported by the record. Accordingly, the judgment of the trial court is affirmed. All costs to be borne by the appellant.
AFFIRMED.