REDMANN, Chief Judge.
A pedestrian appeals from a judgment which, on the basis of his comparative negligence, La.C.C. 2323, awarded him only 50% of his damages from being run over by a truck. Holding comparative negligence inapplicable because contributory negligence is ordinarily inapplicable to any truck-pedestrian accident, we amend the judgment to award plaintiff 100% of his damages.
The essential facts are that plaintiff, a stranger to defendant and its warehouse, walked into defendant’s warehouse to look for someone. Plaintiff walked from outside into an “aisle,” an area kept free of stored goods for the purpose of storing defendant’s trucks there overnight. While plaintiff was walking further into the interior of the warehouse, defendant’s trucks began to back into the warehouse, into that aisle, and the first truck backed over plaintiff.
The jury’s conclusion that plaintiff was 50% at fault is irrelevant. In a basic case like ours, of a pedestrian versus a driven motor vehicle, the pedestrian's fault is” not contributory negligence; Baumgartner v. State Farm Mut. A. Ins. Co., 356 So.2d 400 (La.1978). Because comparative negligence applies only “[wjhen contributory negligence is applicable,” C.C. 2323 (as amended, Acts 1979 No. 431), comparative negligence does not apply in a Baumgartner-like case; Bays v. Lee, 432 So.2d 941 (La.App. 4 Cir.1983).
Defendant argues that Meaux v. Alexander, 405 So.2d 680 (La.App. 4 Cir.1981), writ denied 410 So.2d 764, holds Baumgartner inapplicable on private property (and in that respect is “facially inconsistent” with Oliver v. Capitano, 405 So.2d 1102 (La.App. 4 Cir.1981), writ denied). *268 We do not so read Meaux (nor, presumably, did its author, who was on the Oliver court). Meaux was not a mere inattentive pedestrian but one of several employees engaged in freeing, with a sling attached to a crane, a tractor-trailer that had become “hung up” (on a bridge crossing Peters Road — whether private property the opinion does not make clear). Meaux and others crawled underneath the tractor to unhook the sling and the tractor moved, rolling over him. Meaux “placed himself in a position of danger, without speaking to the operator of the truck or of the crane ... [c]rawling beneath a tractor-trailer, with its motor running, ... shackled to a crane with its motor running_” 405 So.2d at 683. (Question, was the truck “operator” guilty of negligence?) In that context, Meaux reasons that Baumgartner “does not apply to each and every case involving some type of motor vehicle.” Id. at 683.
But our case is not factually similar to Meaux. It is more like Oliver v. Capitano, in which a temporarily deranged person, kneeling in a private vacant lot, was backed over by a truck whose driver (like ours) may well not have expected to find anyone in his path. See also Larson v. Huskey, 440 So.2d 769 (La.App. 4 Cir.1983), appl. for reh. dism. on joint motion.
Defendant also cites obiter dicta from the plurality opinion in Jenkins v. St. Paul Fire & M. Ins. Co., 422 So.2d 1109 (La.1982), arguing that the advent of comparative negligence removed the need for Baumgartner -like escapes from the harsh, all-or-nothing bar of contributory negligence. That is not a disrespectable argument, as the dissent in Bays well shows. We nevertheless prefer to follow Bays.
Because we increase plaintiff’s award to 100% of his damages, we need not consider whether a workers’ compensation payer can recoup 100% of benefits paid out of an employee’s judgment limited to only 50% of his damages because of his comparative negligence. But see Fontenot v. Hanover Ins. Co., 385 So.2d 238, 240 (La.1980): “It does not appear that the legislature intended for the employer to be reimbursed from the employee’s award for items which the employee has not recovered from the third person.”
The judgment is amended in the principal of its award on the main demand to $353,-000 and otherwise affirmed.
CIACCIO, J., dissents.
WARD, J., dissents with opinion.